# IN RE: TRUST PROCEEDING U/A OF CANNON, Deceased

## Case No. 89-2498 CP

Fifteenth Judicial Circuit, Palm Beach County

September 14, 1989

## APPEARANCES OF COUNSEL

**John R. Banister,** for petitioner.

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### *ORDER DENYING PETITION TO DEVIATE FROM TRUST TERMS*

Sherry Cannon has filed Petition to Authorize Deviation from the Trust, known as the "Cannon Life Insurance-Residuary Estate Trust" which came before the court for hearing on September 6, 1989. Based upon the evidence, testimony and memorandum of law, the court finds:

1. Curtis W. Cannon died 6/6/76, survived by his children, Curtis W. Cannon, Jr., (hereinafter called Curtis) and Ruby Cannon Hickman, (hereinafter called Ruby). The trust directed the Trustee, First Union Bank, to purchase an annuity contract for the benefit of Curtis, paying to Sherry Cannon the sum of $1000 per month for the benefit of Curtis until his 18th birthday, and all trust assets remain-

ing after purchase of an annuity contract were to be divided into two trusts, one to be held for the benefit of Curtis and the other for the benefit of Ruby. The trust for Curtis was to be administered pursuant to the following terms:

"(C) *PAYMENTS TO SON AFTER AGE EIGHTEEN:*

After my said son attains the age of eighteen (18) years, the Trustee shall pay only such sums to my son, or for the use and benefit, as may be necessary, for his further education at an accredited college or university, as to pay for his tuition, room and board, but in no event shall the total average monthly payments for all such purposes exceed $500.00 for the period he is so attending the college or university. However, in the event my son is in need of medical, hospital, or dental services, additional sums may be paid out for his benefit. Income and/or principal may be used, if needed, for such education purposes, or for such emergency medical attention."

"(D) *DISTRIBUTION AND TERMINATION OF SON'S SHARE OF TRUST:*

1. My son's share shall be distributed to him as follows:

(a) One-third (⅓) of his share shall be distributed to him when he attains the age of twenty-five (25).

(b) One-third (⅓) of his share shall be distributed to him when he attains the age of thirty (30).

(c) One-third (⅓) of his share shall be distributed to him when he attains the age of thirty-five (35), at which time his share of the Trust shall terminate.

2. In the event my son shall die before the complete distribution of his share hereunder, the corpus remaining therein, plus all accrued income, shall be added to my daughter's share and distributed to her as herein provided. However, should my son die, leaving children surviving him, his share shall in that event be distributed in equal shares to his children then living.

(G) The Trustee may at any time use income and/or principal for my son and daughter after they attain the age of twenty-five (25), until their share of the Trust is terminated, for their general welfare, if needed, taking into consideration their income from all sources and their assets in general; such payments from income and/or principal may be used for, but not limited to, medical, hospital, dental, and pharmaceutical, and like expenses."

2. No provision was made under the trust for expenditure of income

and/or principal during the minority of Curtis. Curtis was born 8/17/72 and is currently 17 years of age.

3. Petitioner, Sherry Cannon, supports both herself and Curtis, and continues to be employed as a bookkeeper by Harry Herzog, Esq., and Marjorie Phillips, CPA. Her salaried income in such employ amounted to approximately $8,000 in 1988. Additionally, petitioner received in 1988 approximately $12,000 from the annuity contract above described, which monies were expended towards Curtis' support. Petitioner has the following approximate annual expenses prior to schooling expenses for Curtis set forth as follows:

| | |
|---|---|
| Apartment Rental | $8,400. |
| Automobile | $3,400. |
| Loan Repayment | $9,600. |
| Medical Insurance | $2,200. |
| Food/Incidentals | *$2,400.* |
| | $26,000. |

Petitioner has individual savings remaining of approximately $18,-000.

4. Curtis has attended St. Stanislaus School, 304 Beach Street, Bay St. Louis, Mississippi, since September, 1988. Prior to commencing studies at St. Stanislaus, Curtis attended Palm Beach Gardens High School. During his studies at Palm Beach Gardens, Curtis had a cumulative grade point average of 1.72/4.0 and was involved in two separate incidents involving severe disciplinary problems. Since commencing studies at St. Stanislaus, Curtis has raised his grade point average to 3.4/4.0; has become a cheerleader; has joined a tennis team; has joined the local chapter of SADD and has begun tutoring 7th graders within the school. He is now a junior and will complete his studies next year. In all respects Curtis has improved his schooling and his self-discipline since beginning attendance at St. Stanislaus and petitioner attributes much of his success to the school and its surroundings.

5. Petitioner personally paid the following school expenses for Curtis for school year 1989-1990:

| | |
|---|---|
| 1989-1990 Registration | $240. |
| Tuition, Room and Board | $7,500. |
| Linen charge | $90. |
| Miscellaneous expense | *$75.* |
| | $7,965. |

6. Petitioner alleges she is financially unable to continue payment of

89

the tuition expenses for Curtis and also provide a home and clothing for him, but nevertheless, believes it is extremely critical to Curtis' continued welfare his studies at St. Stanislaus continue. She has requested this court permit deviation from the trust terms authorizing the trustee to pay Curtis' schooling expenses.

7. The persons having an interest in the proceeding are the Trustee, First Union National Bank of Florida, and Ruby, who has consented to and executed a waiver and consent to the deviation from the trust terms in accordance with the petition. The approximate balance of the Cannon Life Insurance-Residuary Trust is approximately $500,-000.

There is a dearth of Florida law on the issue presented to this court. The Third District Court of Appeal has recently held a testamentary trust could not be terminated before the ten year expiration period for which it had been created, for whatever reason the testator had for deciding to postpone distribution of the corpus and the trial court had no authority to interfere with that decision. See *Schwarzkopf v American Heart Association of Greater Miami, Inc.,* 541 So.2d 1348 (Fla. 3d DCA 1989).

The power to permit or direct deviation as to administrative clauses does not include a power to change the dispositive clauses of the trust instrument, to remake the trust, or to take property from one beneficiary and give it to another, even though the court may think the settlor made unwise or unnatural gifts of his property. If equity had this power, it would have authority to modify a trust and overrule the settlor as to his property disposition, and not merely to aid him in achieving the objectives which he stated were intended to be reached. See Bogert Trust and Trustees, Second Edition Revised, Section 561, at pages 233-4.

There is a doctrine existing in trust equity jurisprudence referred to as "hastening the enjoyment." This doctrine allows an ultimate trust beneficiary to enjoy prematurely that which he will ultimately receive at a certain future date and the court, because of emergency or hardship, is merely advancing the date of the payment or distribution. Such advancements of income or principal are obviously not justified where the claimant is merely a contingent beneficiary. It must be certain that he will be entitled to an amount at some future date. The court's power does not extend to the case where the trustee requests he be allowed to take the property of beneficiary A and give it to beneficiary B, or where he seeks to make a contingent future interest a

90

present vested one. See Bogert Trust and Trustees, Second Edition Revised, Section 562, at pages 157, 259-60.

Also, the aid referred to above is confined to those having vested interests in the principal and is not extended to beneficiaries who may acquire the principal later, but whose interests are contingent or subject to divestment. Thus, if a trust is created to pay the income to C for her life, and at her majority to pay her the principal if she is then living, but, if she should die before 21, to pay the principal to the next of kin of C, the court will not order the trustee to pay C any part of the principal prior to her reaching 21, since there is no assurance that she will ever be entitled to that principal and such a decree would ignore the contingent interests of the next of kin of C. See Bogert, Trusts and Trustees, Second Edition Revised, Section 815, pages 332-3.

Applying the foregoing principles of law to the case at bar, certain facts negate the granting of the petition: Curtis' one-half share in the remainder of the trust is conditioned upon his reaching the ages of 25, 30 and 35. If he should die prior to the complete distribution of his share, the remaining corpus, plus all accrued income, is distributed to his sister, Ruby, although admittedly Ruby has placed in the court file her written consent to the entry of the order authorizing the requested deviation. The court can not overlook the possibility of Curtis' ability to father a child and die prior to any of the distribution dates set forth in the trust instrument.

More importantly no emergency exists; for Curtis, through the annuity contract, is to receive and is receiving $1,000 a month for his support. The petition clearly sets forth that annual $12,000 is more than sufficient to not only pay for all expenses relating to his education, but leaves an additional $4,000 to be utilized for his support. The true emergency is simply, Curtis' mother earns $8,000 a year and her apartment rental alone costs her $8,400 a year. Her annual expenditures of $26,000 a year far exceed her income and she ought not be using the annual $12,000 for the support of Curtis to supplement her necessities. Succinctly stated, with the $12,000 being paid on behalf of Curtis until he reaches 18 years of age, his private education can be provided and leaves remaining sufficient funds available to meet the majority of his non educational support requirements, remembering a parent does owe to a child a responsibility of moral and financial support. It is thereupon,

ADJUDGED Petition for Deviation from Trust Terms is denied.

ORDERED September 14, 1989 at West Palm Beach, Florida, Palm Beach County, Florida.